UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
――――――――――――――――――――――――X
ALTIN NICAJ,

                Plaintiff,          Case No.: CV10-5355

                                       **COMPLAINT**

  -against-

                                       JURY DEMAND

POLICE OFFICER B MCCAFFREY, Shield #18164,
POLICE OFFICERS JOHN DOE(S) #'s 1-4,

                Defendants.
――――――――――――――――――――――――X

        PLAINTIFF ALTIN NICAJ by his attorney EVAN H. NASS, Esq., for his COMPLAINT, allege upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1.   This is a civil rights action in which PLAINTIFF ALTIN NICAJ (hereinafter "MR. NICAJ") seeks damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about November 25, 2007 at approximately 12:30 pm in the afternoon, at a convenience and gas store on Van Dam Street in Long Island City, NY, and within the 108th Precinct located on Queens Boulevard, MR. NICAJ was assaulted by Defendants. As a result of the excessive force used by Defendants, MR. NICAJ suffered severe physical and psychological injuries.

### II. JURISDICTION

2.   Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983,

and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

### III. PARTIES

3. MR. NICAJ at all times resided at 6722 FOREST AVENUE, RIDGEWOOD, NY 11385.

4. Defendant POLICE OFFICER B. MCCAFFREY Shield #18164 believed to be assigned to the 108th Precinct (hereinafter "Defendants") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

5. Defendants POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-4 (hereinafter "Defendants") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

6. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

### IV. FACTS

7. On or about November 25, 2007 at approximately 12:30 pm, at a convenience store located on the median triangle of Van Dam Street, in accordance with a court order, MR.

NICAJ had parked his vehicle (company owned van) in a lot owned or associated with a convenience and gas store. MR. NICAJ entered the convenience store and purchased a few items, which he began to consume at the sit-in counter offered for this purpose.

8. MR. NICAJ was in the convenience store playing lottery and eating for approximately 35 minutes. MR. NICAJ was alerted by the store clerk that a police car was circling the store.

9. MR, NICAJ observed the police vehicle drive around his parked van, when a police officer got out of the police vehicle and walked around the van.

10. MR. NICAJ was informed by the clerk that the police officer "does this to everybody."

11. MR. NICAJ went outside to see if there was a problem with his car. When MR. NICAJ walked toward the car as the Defendant asked "that's your car?"

12. MR. NICAJ replied that it was his car. The police officer Defendant stated that he was going over 100 miles per hour and not wearing a seat belt and asked for his driver's license.

13. MR. NICAJ complied while stating that he had been at the store for over 35 minutes and a gas pump attendant confirmed this fact. The Defendant told MR. NICAJ to "shut up" while he placed calls on the radio.

14. After approximately 10 minutes, other Defendants arrived on the scene and told MR. NICAJ that he was a "bull shit artist" and to stand up against the wall. MR. NICAJ complied while the Defendants searched his vehicle.

15. The Defendants insisted that MR. NICAJ's license was suspended and stated that he would have received only a summons, but now that all the officers are there "we have to arrest you."

16. After being taken to the 108st Precinct, MR. NICAJ was taken the next day to Central Booking where he was placed in tight handcuffs, which were so severe, they left a mark on his wrists.

17. After approximately half a day at Central Booking, MR. NICAJ was released and all actions against him were dismissed.

18. That heretofore MR. NICAJ's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of MR. NICAJ, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

19. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## I. FIRST CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

20. Paragraphs 1 through 19 are hereby re-alleged and incorporated by reference herein.

21. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

22. That Defendants had no legal cause or reason to use excessive force in effectuating MR. NICAJ's arrest.

23. That Defendants violated MR. NICAJ's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

24. That at the time of the arrest, MR. NICAJ did not pose a threat to the safety of the arresting officers or himself.

25. That defendant CITY, through its officers, agents, and employees, unlawfully subjected MR. NICAJ to excessive force while effectuating his arrest.

26. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

27. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of MR. NICAJ's rights, subjected MR. NICAJ to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

28. That upon information and belief, in 2007, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

29. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

30. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

31. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of MR. NICAJ's rights alleged herein.

32. By reason of the foregoing, MR. NICAJ suffered severe physical injuries, trauma, humiliation, terror and damage to reputation. All of said injuries may be permanent.

## II. SECOND CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

33. Paragraphs 1 through 32 are hereby re-alleged and incorporated by reference herein.

34. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

35. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

36. That Defendants had no legal cause or reason to use excessive force in effectuating MR. NICAJ's arrest.

37. That at the time of the arrest, MR. NICAJ did not pose a threat to the safety of the arresting officers.

38. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

39. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of MR. NICAJ'S rights, subjected MR. NICAJ to excessive force while effectuating his arrest, in violation of the laws of the State of New York.

40. By reason of the foregoing, MR. NICAJ suffered severe physical injuries, trauma, humiliation, terror and damage to reputation. All of said injuries may be permanent.

## III. THIRD CAUSE OF ACTION
### Pursuant to State Law (ASSAULT and BATTERY)

41. Paragraphs 1 through 40 are hereby re-alleged and incorporated by reference herein.

42. That Defendants intended to cause harmful bodily contact to MR. NICAJ.

43. That Defendants, in a hostile manner voluntarily caused MR. NICAJ's injuries.

44. That Defendants contact with MR. NICAJ constituted an assault in violation of the laws of the State of New York.

45. By reason of the foregoing, MR. NICAJ suffered severe physical injuries, trauma, humiliation, terror and damage to reputation. All of said injuries may be permanent.

## IV. FOURTH CAUSE OF ACTION
Pursuant to §1983 (FALSE ARREST)

46. Paragraphs 1 through 45 of this complaint are hereby re-alleged and incorporated by reference herein.

47. That Defendants had neither valid evidence for the arrest of MR. NICAJ nor legal cause or excuse to seize and detain him for approximately two days.

48. That in detaining MR. NICAJ for approximately two days, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

49. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

50. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly

50. monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

51. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of MR. NICAJ's rights alleged herein.

52. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of MR. NICAJ's rights, subjected MR. NICAJ to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

53. By reason of the foregoing, MR. NICAJ suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### V. FIFTH CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

54. Paragraphs 1 through 53 are hereby re-alleged and incorporated by reference herein.

55. That the seizure, detention and imprisonment of MR. NICAJ was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

56. That Defendants intended to confine MR. NICAJ.

57. That MR. NICAJ was conscious of the confinement and did not consent to it.

58. That the confinement was not otherwise privileged.

59. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of MR. NICAJ's rights, deprived him of his liberty when they subjected him to

an unlawful, illegal and excessive detention, in violation of State law.

60. That by reason of the foregoing, MR. NICAJ suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SIXTH CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

61. Paragraphs 1 through 60 are hereby re-alleged and incorporated by reference herein.

62. That Defendants with malicious intent, arrested MR. NICAJ and initiated a criminal proceeding despite the knowledge that MR. NICAJ had committed no crime.

63. That the criminal matter against MR. NICAJ was terminated in his favor and the court dismissed all charges against him.

64. That there was no probable cause for the arrest and criminal proceeding.

65. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of MR. NICAJ's rights, deprived MR. NICAJ of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

66. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, MR. NICAJ was maliciously prosecuted despite the fact that he had committed no violation of the law.

67. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff,

agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

68. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

69. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of MR. NICAJ's rights alleged herein.

70. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

71. That upon information and belief, in 2006, defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods.

72. That by reason of the foregoing, MR. NICAJ suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VII. SEVENTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

73. Paragraphs 1 through 72 are hereby re-alleged and incorporated by reference herein.

74. That Defendants acted with malicious intent, arrested MR. NICAJ and initiated a criminal proceeding despite the knowledge that MR. NICAJ had committed no crime.

75. That the criminal matter was dismissed in MR. NICAJ's favor.

76. That there was no probable cause for the arrest and criminal proceeding.

77. Defendants knew or should have known that there was no likelihood of a conviction of MR. NICAJ.

78. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of MR. NICAJ's rights, deprived MR. NICAJ of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

79. That by reason of the foregoing, MR. NICAJ suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

80. By reason of the foregoing, MR. NICAJ suffered physical injuries, severe psychological injuries, including trauma, humiliation, terror and damage to reputation. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, MR. NICAJ has suffered, and will continue to suffer physical pain, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe physical distress.

WHEREFORE, MR. NICAJ respectfully requests that judgment be entered:

1. Awarding MR. NICAJ compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding MR. NICAJ punitive damages in an amount to be determined by a jury;

3. Awarding MR. NICAJ interest from August 22, 2006; and awarding MR. NICAJ reasonable attorney's fees pursuant to 42 USC §1988; and

4. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
November 19th, 2010

_____
EVAN H. NASS, ESQ. (EN0857)
NASS & ROPER LAW
15 Carroll Street
Brooklyn, NY 11231
T/F: (718) 775-3246