UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ALTIN NICAJ,

                        Plaintiff,

- against -

POLICE OFFICER B. McCAFFREY, et al.,

                        Defendants.
----------------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM & ORDER
10-CV-05355 (CBA) (MDG)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 26 2013 ★
BROOKLYN OFFICE

AMON, Chief United States District Judge.

Plaintiff Altin Nicaj initiated this action on November 19, 2010, alleging claims pursuant to 42 U.S.C. § 1983 of excessive force and false arrest. On June 16, 2012, arguing that Nicaj has been unresponsive and noncompliant throughout this case, defendants filed a motion requesting that the Court dismiss Nicaj's case. (DE #21.) Currently before the Court is a report and recommendation ("R&R") issued on January 4, 2013 by Magistrate Judge Marilyn D. Go recommending that the Court dismiss this action with prejudice for failure to prosecute.

Neither party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). The Court has reviewed the record and, finding no clear error, hereby adopts the conclusion of the R&R that the case be dismissed.[1]

---

[1] The Court notes a typographical error on page 4 of the R&R where it discusses the "two aspects to the first factor," citing Spencer v. Doe, 139 F.3d 107, 113 (2d Cir. 1998). The factor being referenced in Spencer is the duration of the period of noncompliance, which is not the first but rather the third factor listed in the R&R.

1

Accordingly, the Court grants defendants' motion to dismiss the complaint with prejudice for failure to prosecute. The Clerk of Court is directed to terminate all pending motions, enter judgment accordingly, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
February 25, 2013

s/Carol Bagley Amon

_____
Carol Bagley Amon
Chief United States District Judge